R. *Brackenridge*, for the defendants.

---

•

HEDGES *v.* BIRD and Another.

If a purchaser of real estate from *A.* pay the purchase-money, receive a title-bond conditioned for a conveyance at a future time, and be put into possession, and a subsequent purchaser from *A.* with notice get possession afterwards, an assignee of the title-bond may, in equity, recover the possession from such subsequent purchaser.

ERROR to the *Allen* Circuit Court.

SULLIVAN, J.—The defendants in error filed a bill in chancery against *Hedges* to obtain the possession of a tract of land to which they had an equitable title as the assignees of one *John D. Klinger.* The facts of the case, as they appear from the bill, answer, and depositions, are, substantially, as follows : *James Klinger* was the owner of a certificate issued by the commissioners of the *Wabash* and *Erie* canal for an eighty acre tract of land lying in the county of *Allen;* and *J. D. Klinger* was also the owner of a certificate granted by the same commissioners for an eighty acre tract adjoining the land owned by *James Klinger.* By the terms of the certificates, as well as according to the provisions of the act of 1830 " to provide for constructing that portion of the *Wabash* and *Erie* canal that lies within the state of *Indiana,*" the purchase-money would be payable in the year 1847, at which time the purchasers or their assignees would be entitled to patents. *James Klinger* sold to *J. D. Klinger* nine acres and sixty-four poles, parcel of the tract for which he held the commissioners' certificate, and executed to him a title-bond, binding himself to convey the same so soon as a patent should be obtained. *J. D. Klinger* also sold to *James Klinger* a small parcel, containing one hundred and thirty-four poles, of the tract for which he held a certificate, and executed a like title-bond to him. The consideration was paid, and the parties were respectively put into possession. *James Klinger*, subsequently to his contract with *J. D. Klinger*, sold and assigned

the certificate for the tract of land containing the nine acres and sixty-four poles to one *John Spencer*, who sold and assigned it to *Hedges*, the plaintiff in error. *Spencer* and *Hedges* were informed of *J. D. Klinger's* equity at the time the assignments were made to them respectively. *J. D. Klinger* also sold and assigned to *Bird* and *Dubois*, the defendants in error, the certificate for the tract of land owned by him, also the title-bond of *James Klinger* for the nine acres and sixty-four poles above mentioned, and at the time of the assignment last mentioned, they were informed of the contract with *James Klinger* for the conveyance of the one hundred and thirty-four poles above mentioned. *Hedges*, after his purchase from *Spencer*, became possessed of the nine acres and sixty-four poles previously sold to *J. D. Klinger*, and still has the possession. He is also in possession of the one hundred and thirty-four poles above mentioned. On the foregoing facts, the Circuit Court decreed that *Hedges* make and deliver to *Bird* and *Dubois* a title-bond for the conveyance of the nine acres and sixty-four poles above described, so soon as he should receive a patent for the same from the state ; and that *Bird* and *Dubois* make and deliver to *Hedges* a title-bond for the conveyance of the one hundred and thirty-four poles above mentioned, so soon as they shall receive from the state a patent for the same.

We agree with the Circuit Court, that, on the foregoing facts, the complainants are entitled to relief, but not, we think, to the relief afforded by the decree of that Court. The decree is erroneous, because it requires the parties to enter into a new contract. All a Court of chancery can do in the premises, is to protect the rights of the parties under the contract of their assignors, of which they had notice, and which is the foundation of the proceedings in this case.

*J. D. Klinger*, by his contract with *James Klinger* for the tract of land mentioned in the complainants' bill, was entitled to the possession, and possession was accordingly delivered to him. His assignees have been, without their consent or the consent of their assignor, so far as appears to us, deprived of the possession by *Hedges*. If they be not restored to the possession, they will be deprived of their best security against a fraudulent sale of the land.

The possession of the tract of land containing the one hundred and thirty-four poles, sold by *J. D. Klinger* to *James Klinger*, rightfully belongs to *Hedges*, and he should be secured in the possession of it.

Under the prayer for general relief, this Court may make such decree in the premises as the equity of the case requires.

*Per Curiam.*—The decree is reversed, and it is decreed that the defendant deliver to the complainants, on demand, possession of the nine acres and sixty-four poles of land described in the bill.

*H. Cooper*, for the plaintiff.

*T. Johnson*, for the defendants.